It is submitted to the Supreme Court to decide whether, upon these circumstances, the defendant is entitled to the relief he insists for, upon any principle of law or equity, and it is agreed that the Court shall decide this case in the same way as if the defendant had applied to a court of equity for relief. The case was submitted without argument.
As this case was commenced in a court of law, and has not been removed to another jurisdiction, we must take the principles of law for our guide. On such alone we profess to decide it, as it would be novel and irregular to apply equitable considerations to a case not properly constituted in the proper forum. There is no principle or authority which warrants the apportionment of the sum secured by the bond in this case. The distinction is well settled between those covenants implied by law and the obligation created by the act of the party. In the first case, if the party, without default in him, is disabled from performing it, and has no remedy, the law will excuse him. A tenant is liable to waste, but if the house be destroyed by enemies or tempest, he is excused. But if he covenant to repair the house, he is bound by his contract, although it should be destroyed by lightning or by enemies, because he might by his contract have stipulated against such liability. In Dyer, 33, a lessor covenanted under a penalty to sustain and repair the banks of a river, which were afterwards destroyed by a sudden inundation. It was held that although he was excused from the penalty, he was bound to repair in convenient time. In Allen, 20, it was decided that a lessor was liable by his covenant to pay the rent, although he had been driven from the premises by public enemies. These ancient authorities, to which others might be added, have been affirmed by an uniform current of modern decisions. In 2 Str., 763, the tenant was held liable on a covenant to pay the rent, though he had no enjoyment of premises by the default of the lessor, who had covenanted to repair, which he failed to do after the house was (221) *Page 170 
destroyed by fire. In 1 Term, 710, Mr. Justice Buller says: "A lessee is obliged to pay rent, even though the premises should be burned down."
There is no principle of the law better established than that an apportionment of the debt cannot be made in a case of this kind. There must be judgment for the plaintiff.
NOTE — See Williams v. Jones, 6 N.C. 54.
(222) *Page 172 
(223)